*Lin v. Lynch*
BIA
Schoppert, IJ
A077 743 015

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand fifteen.

PRESENT:
>    GUIDO CALABRESI,
>    REENA RAGGI,
>    RICHARD C. WESLEY,
>        *Circuit Judges.*
_____

LEI LIN,
>        *Petitioner,*

>    v.                                                    12-745
>                                                          NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
>        *Respondent.*
_____

FOR PETITIONER:             Michael Brown, New York, New York.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Janette L. Allen, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lei Lin, a native and citizen of the People's Republic of China, seeks review of a February 14, 2012 decision of the BIA affirming an April 13, 2010 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Lei Lin,* No. A077 743 015 (B.I.A. Feb. 14, 2012), *aff'g* No. A077 743 015 (Immig. Ct. N.Y.C. Apr. 13, 2010). Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). In

2

doing so, we assume the parties' familiarity with the facts and procedural history of this case.

For applications like Lin's that were filed before enactment of the 2005 REAL ID Act, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole. *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). Inconsistencies need not be fatal if they are "minor and isolated," and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000).

Lin argues that (1) he adduced new evidence sufficient to rehabilitate his prior incredible testimony pertaining to his family planning claim, and (2) the agency improperly found his testimony relating to Falun Gong not credible on the basis of the prior adverse credibility determination. We are not persuaded.

The agency was entitled to discount Lin's new evidence because it consisted of unsworn letters from interested parties and unsigned, unauthenticated photocopies of purportedly

3

official documents.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2005) (holding that weight accorded to evidence lies largely within discretion of agency). Moreover, the prior adverse credibility determination was based on a finding that Lin had submitted falsified documents to the IJ.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

As to Lin's alleged practice of Falun Gong, the agency was justified in relying on the prior adverse credibility determination to find Lin's testimony and documentary evidence incredible.  *See Siewe v. Gonzales*, 480 F.3d 160, 170, 171 (2d Cir. 2007) ("[B]ecause the submission of [false ancillary] evidence raises the question of the alien's overall credibility, even ancillary evidence sometimes supports *falsus in uno*."); *accord Qin Wen Zheng v. Gonzales*, 500 F.3d at 146-47. Accordingly, the agency did not err in discounting Lin's scant documentary evidence and in disbelieving the evidence that depended upon Lin's credibility.  *See Qin Wen Zheng v. Gonazles*, 500 F.3d at 146-47; *Siewe v. Gonzales*, 480 F.3d at 170.

4

Because these findings are dispositive of Lin's petition, we need not review the agency's alternative grounds for denying Lin relief.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court